# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **IBN YUSEF BROOKS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:09-1238 |
| ) | |
| **D. BERKEBILE,** ) | |
| **Warden, FCI Beckely,** ) | |
| ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On November 13, 2009, Petitioner,[1] acting *pro se*, filed an Motion to Proceed Without the Prepayment of Fees (Document No. 3.) and his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 1).[2] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

### FACT AND PROCEDURE

In this Petition, Petitioner argues that the "Federal Bureau of Prisons is denying me early release pursuant to 18 U.S.C. § 3621(e), when I am otherwise eligible." (Document No. 1, p. 7.) Specifically, Petitioner asserts that the BOP is violating the "Administrative Procedures Act in enacting a regulation that categorically excludes from early release for successful completion of the

---

[1] The Bureau of Prisons' website indicates that Petitioner is currently incarcerated at CCM New York.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Residential Substance Abuse Programs, prisoners convicted of being a felon in possession of a firearm." (Document No. 2, p. 2.) Petitioner acknowledges that he was convicted in United States District Court for the District of New Jersey "of Count One of a one-count Indictment, for violation of 18 U.S.C. § 922(g)(1) and (2), unlawful possession of a firearm by a convicted felon, and sentenced to a 92-month term of imprisonment." (Id., p. 7.) Petitioner states that even though he was accepted in the RDAP, "he was advised that despite his acceptance to the program he was ineligible for early release under 18 U.S.C. § 3621(e)(2)(B) based on 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000), which categorically excludes from eligibility for early release under the law, prisoners whose 'current offense is a felony involving the carrying, possession, or use of a firearm or other dangerous weapons or explosive.'" (Id.) Petitioner contends that Section 550.58 violates APA because "the administrative record contains no rationale explaining the Bureau's decision to categorically exclude prisoners such as Petitioner with convictions for simple possession of a firearm from eligibility for early release under § 3621(e)." (Id.) Citing Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), Petitioner argues that the "categorical exclusion regulation promulgated by the BOP . . . is invalid under the Administrative Procedures Act." (Id., p. 9.) Thus, Petitioner contends that he is entitled to "full credit under § 3621(e)(2)(B) for successfully completing the RDAP." (Id., p. 11.) Petitioner, however, complains that the BOP issued a notice stating that "in order for an inmate to be found eligible for early release [pursuant to Arrington], the inmate must either be currently housed in an institution located in the Ninth Circuit, or the inmate must have completed a residential drug abuse treatment program at an institution located in the Ninth Circuit." (Id.) Petitioner contends that "[t]his Court should not allow federal agencies to apply the law and/or federal regulations differently based on geographic factors." (Id.) Petitioner argues that his right to due process and equal protection is violated by the BOP's use of "regulations determined on a geographic basis." (Id., p. 13.)

Accordingly, Petitioner requests that the Court "invalidate 28 C.F.R. § 550.58, and order the BOP to adjust Petitioner's sentence in accordance with § 3621(e)." (Id., p. 14.)

In support, Petitioner attaches the following Exhibits: (1) A copy of Petitioner's "Request for Administrative Remedy Informal Resolution Form" dated November 17, 2008 (Document No. 1, pp. 10 - 11.); (2) A copy of Petitioner's "Request for Administrative Remedy" (Remedy No. 518812-F1) dated November 24, 2008 (Id., p. 12.); (3) A copy of Warden Ormond's response dated December 19, 2008, denying Petitioner's Administrative Remedy Request[3] (Id., p. 13.); (4) A copy of Petitioner's "Regional Administrative Remedy Appeal" (Remedy Id. 518812-R1) dated December 31, 2008 (Id., p. 14.); (5) A copy of a "Rejection Notice - Administrative Remedy" dated February

---

[3] The Warden denied Petitioner's Administrative Remedy Request stating as follows (Document No. 1, p. 13.):

> Your request for Administrative Remedy received December 9, 2008, appealing your eligibility for early release as it regards to residential drug abuse treatment, has been reviewed. Specifically, you contend the ruling in the Ninth Circuit Court of Appeals in the Arrington v. Daniels case should make you eligible for early release upon completion of the residential drug abuse program.
>
> Our review reveals the Bureau of Prisons issued a notice to the inmate population on how the Arrington v. Daniels decision would affect the determination of early release eligibility. That notice was posted in the housing units in March 2008. The notice stated that, in order for an inmate to be found eligible for early release in this circumstance, the inmate must either be currently housed in an institution located in the Ninth Circuit, or the inmate must have completed a residential drug abuse treatment program at an institution located in the Ninth Circuit. If neither of those conditions are met, then an inmate who was previously determined to be ineligible for the early release incentive cannot be determined to be eligible as a result of Arrington v. Daniels.
>
> A thorough review of your case indicates you have not completed a residential drug abuse treatment program in the Ninth Circuit, nor are you currently located in an institution in the Ninth Circuit. As a consequence, you do no meet the conditions of Arrington v. Daniels, and you cannot be determined to be eligible for early release under that decision.

6, 2009, from the Administrative Remedy Coordinator in the Mid-Atlantic Regional Office stating that Petitioner's appeal was untimely (Id., p. 15.); (6) A copy of a letter from Petitioner to the Administrative Remedy Coordinator dated February 15, 2009, stating that he "signed and mailed the BP-10 within the 20 days required by the rule" (Id., p. 16.); and (7) A copy of a "Rejection Notice - Administrative Remedy" dated April 8, 2009, from the Administrative Remedy Coordinator in the Mid-Atlantic Regional Office stating that Petitioner's appeal was untimely (Id., p. 17.).

## DISCUSSION

### 1. Petitioner's Provisional Eligibility for Early Release Under Section 3621(e).

Petitioner asserts that he is qualified to participate in the RDAP but the BOP determined that Petitioner was provisionally ineligible for early release because he was convicted of being a felon in possession of a firearm.

Title 18, U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." To effectuate this mandate, the BOP is required to ensure that all eligible prisoners "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of RDAP, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B)(Emphasis added.). Thus, whether to grant early release is in the discretion of the Bureau of Prisons. See Lopez v. Davis, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). The Bureau of Prisons has therefore promulgated 28 C.F.R. § 550.58 respecting

4

early release of prisoners who successfully complete RDAP. 28 C.F.R. § 550.58 (a)(1)(iv) provides as follows:

> (1) As an exercise of discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> * * *
> (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses.

This regulation categorically precludes the granting of early release to certain offenders, and the regulation is a permissible exercise of the Bureau of Prison's discretion. Lopez, 531 U.S. at 244, 121 S.Ct. at 724 ("[T]he Bureau may categorically exclude prisoners based on their preconviction conduct . . ..") Applying this categorical approach, the undersigned finds that the Bureau of Prisons was entirely within its discretion in viewing Petitioner's firearm conviction as a violent crime listed in 28 C.F.R. § 550.58 (a)(1)(iv)[4] and finding Petitioner ineligible for early release. The undersigned finds Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), which Petitioner cites in support of his claim, inapposite and notes that District Courts within this Circuit have found that "the decision in Arrington is misguided due to binding precedent from the Supreme Court and the Fourth Circuit." Minotti v. Whitehead, 584 F.Supp.2d 750 (D.Md. 2008); also see Holland v. Federal Bureau of Prisons, 2009 WL 2872835 (D.S.C. Sept. 2, 2009)(slip copy)(finding that petitioner's petition should be dismissed because (1) his claim "based on *Arrington's* conclusion that § 550.58 violated the APA fails because the regulation satisfies the Fourth Circuit's requirement that the agency's rationale be 'reasonably discernable,'" and (2) "the newly adopted § 550.55 contains a detailed explanation and may be

---

[4] Effective March 16, 2009, 28 C.F.R. § 550.58 was modified slightly and redesigned as 28 C.F.R. § 550.55. The undersigned notes that new regulation is essentially identical to the former version, but contains a detailed rationale as to why inmates who have been convicted of carrying, possessing, or using a firearm in connection with a drug trafficking offense are ineligible for consideration for early release. The Court, however, will examine Petitioner's claim under the former regulation as the claim arose under the former regulation.

applied retroactively"); Johnson v. Ziegler, 2009 WL 1097530(N.D.W.Va. April 22, 2009)(slip copy)(finding that Arrington was unpersuasive and declined to follow its holding); and Hicks v. Federal Bureau of Prisons, 603 F.Supp. 2d 835 (D.S.C. 2009)("Applying the standard articulated by the Fourth Circuit [that an agency's rationale for its decision be reasonably discernable], the Court concludes that the BOP's rule provides a sufficient rationale for excluding persons convicted under § 924(c) from early release consideration."), aff'd, 358 Fed.Appx. 393 (4th Cir. 2009), cert. denied, ___ S.Ct. ___, 2010 WL 1990779 (2010). Accordingly, the Court finds that Petitioner's above claim is without merit.[5]

### 2. **No Liberty Interest in RDAP Placement or to Early Release:**

Petitioner appears to allege that his constitutional rights were violated because he was entitled to participate in RDAP and received a reduced sentence for his participation in the program. (Document No. 2, pp. 12 - 14.) The Fifth Amendment protects against deprivations of life, liberty, or property by the federal government. See U.S. Const. amend. V. In order to prevail on a due process claim, a petitioner must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally sufficient. Thus, petitioner must first demonstrate that he had a protected liberty interest. The fact of conviction and imprisonment implies the inmate's transfer of his liberty to prison officials, who in their broad discretion, administer her sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Id. (emphasis added) To determine whether an inmate retains a certain liberty interest, the Court must look to the

---

[5] Furthermore, Petitioner acknowledges that he failed to exhaust his administrative remedies. (Document No. 1, p. 5.) Specifically, Petitioner states that he "was prevented from further exhausting my administrative remedies by BOP officials." (*Id.*)

nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, to establish a deprivation of a liberty interest with respect to RDAP, Petitioner must show either (1) that he has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 483-84, 115 S.Ct. at 2299-2300.

Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or

constitutional entitlement to invoke due process."). Likewise, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7, 99 S.Ct. at 2104; see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18, U.S.C. § 3621(e), however, vests the BOP with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a nonviolent offense, upon the successful completion of a substance abuse treatment program. 18 U.S.C. § 3621(e); see also Lopez, 531 U.S. at 232, 121 S.Ct. at 718. The language of this statute which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the substance abuse treatment program.[6] See Lopez, 531 U.S. at 240, 121 S.Ct. at 721(Affirming that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996)(Finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining both whether an inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction under Section 3621(e). See

---

[6] It should be noted here that the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). This obligatory command, however, does not extend to the granting of the incentive-based reduction of a prisoner's sentence for the successful completion of the substance abuse program.

8

Pelissero, 170 F.3d at 444. Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. See Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998).

Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.05), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release.[7] See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

---

[7] Even if Petitioner completes the RDAP, the statute governing the substance abuse treatment program gives discretion to the BOP to determine whether a prisoner should be granted *any* reduction in sentence. *See* 18 U.S.C. § 3621(e)(2)(B).

### 3. No Violation of Equal Protection.

Petitioner alleges the BOP's policy of not recognizing the "<u>Arrington</u> decision discriminates against all citizens/inmates detained . . . in states other than Washington, Oregon, California, and Arizona." (Document No. 2, pp. 12 - 13.) The relevant equal protection cases provide a basic three-step analysis to determine whether an inmate's right to equal protection has been violated. First, the inmate must produce evidence to show that he was treated differently than other similarly situated inmates. See <u>Durso v. Rowe</u>, 579 F.2d 1365, 1371 (7th Cir. 1978). Second, the inmate must show that he was intentionally singled out for harsher treatment. See <u>Brandon v. District of Columbia Bd. of Parole</u> (I), 734 F.2d 56, 60 (D.C. Cir. 1984); <u>Stringer v. Rowe</u>, 616 F.2d 993, 998 (7th Cir. 1980). Third, if the inmate was purposefully singled out, the analysis can take one of two paths. The first path is taken if the inmate can show that the prison's motivation in effecting its differential treatment implicates a suspect classification or a fundamental right. If this is established, the Court must strictly scrutinize the prison's actions. See <u>O'Bar v. Pinion</u>, 953 F.2d 74, 81-82. The prison must show that the classification is narrowly tailored to a compelling governmental interest. <u>Id.</u> If the prison's reason for the differential treatment does not implicate a suspect class or a fundamental right, the analysis takes the second path. See <u>Brandon</u> (I), 734 F.2d at 60, <u>Brandon v. District of Columbia Bd. of Parole</u> (II), 823 F.2d 644, 650 (D.C. Cir. 1987). On this path, the differential treatment is subject only to rational basis review. See <u>O'Bar</u>, 953 F.2d at 81-82. A rational basis review requires that the government's decision to treat similarly situated individuals differently bear some rational relationship to a legitimate State purpose. See <u>id.</u> at 81; <u>Brandon</u> (I), 734 F.2d at 60; <u>Brandon</u> (II), 823 F.2d at 650.

The undersigned finds that Petitioner fails to allege that a similar situated inmate at FCI Beckley received the benefit of the <u>Arrington</u> decision. Petitioner attempts to satisfy the first step by

comparing the situation of an inmate incarcerated at FCI Beckley, to an inmate incarcerated at FCI Victorville, located in California. (Document No. 2, pp. 12 - 13.) This example, however, is inapposite as the FCI Beckley inmate is not "similarly situated" to the FCI Victorville inmate. As explained above, the Arrington decision is not persuasive or binding upon this Court. Although the Arrington decision may be binding in Ninth Circuit, Petitioner is not incarcerated in Ninth Circuit and therefore is not similarly situated. Further, Petitioner cannot show that he was intentionally singled out for harsher treatment. The BOP determined that the Arrington decision was inapplicable to Petitioner because he neither completed the RDAP program in the Ninth Circuit, nor is he incarcerated in the Ninth Circuit. Thus, the alleged harsh treatment is not an intentional act focused upon Petitioner, but is merely the result of his location. Finally, Petitioner does not allege that the decision not to apply Arrington was based on any suspect classification. The undersigned, therefore, finds that Petitioner has failed to state a claim for denial of equal protection of the law.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion to Proceed Without the Prepayment of Fees (Document No. 3.), **DISMISS** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United

States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: August 16, 2010.

R. Clarke VanDervort
United States Magistrate Judge